## TROZZI et ux. v. McCOLL et al. (No. 7400.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 14, 1925. Rehearing Denied Nov. 14, 1925.)

1. Trial ⚖➡139(1)—Court required to submit issue raised by evidence to jury.

Where there is any material evidence in the record to establish a fact, it is duty of court to submit that issue to jury for their finding.

2. Judgment ⚖➡479 — Proceedings by which land as asset of insolvent bank was sold under decree of district court held not subject to collateral attack for alleged fraud of agents of banking commissioner.

Proceedings by which land as asset of insolvent bank was sold under order and decree of district court on application of state banking commissioner, which proceedings were regular and in compliance with Rev. St. arts. 456, 458, 460, 461, were official acts and judicial proceedings, and not subject to any collateral attack for alleged fraud of agents of banking commissioner in misrepresenting property to purchasers.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Suit by Domencio Trozzi and wife against A. J. McColl and others. From a judgment in favor of defendants other than A. J. McColl, plaintiffs appeal. Affirmed.

D. F. Strickland and Dawson, Henry & Walker, all of Mission, for appellants.

W. H. Gossage, of San Juan, and McDaniel & Bounds, of McAllen, for appellees.

COBBS, J. This suit was instituted by appellants against appellees to recover the sum of $9,950. The judgment was in favor of appellants against A. J. McColl for the amount sued for, from which he did not appeal. But judgment went in favor of the San Juan State Bank & Trust Company, J. L. Chapman, commissioner of banking, and W. H. Gossage, special agent of the commissioner of

banking for the state of Texas, against appellants, from which only appellants bring this appeal. This suit was based upon allegations of fraud, conspiracy, and fraudulent representations made to appellants which induced them to purchase the land.

The commissioner of banking and insurance for the state of Texas took charge of the insolvent San Juan State Bank & Trust Company, and took possession of all its assets, as he was required by law to do, for the purpose of winding up its business and corporate affairs.

It is alleged the said commissioner of banking appointed A. J. McColl and his associates, including the United Farms Company and J. A. Manley, as the agents for San Juan State Bank & Trust Company to procure a purchaser for the land, and that by their fraudulent representations appellants were induced to purchase the land and pay A. J. McColl, the United Farms Company, and their coconspirators $9,950 in cash, and as a part of the consideration to assume five promissory vendor's lien notes executed by B. W. McNear and payable to San Juan State Bank & Trust Company, which notes aggregated $3,000.

Appellants made tender in their pleading and offered to deliver to appellees a deed reconveying the land upon the payment to them of the purchase money paid by them, and the cancellation and release of the five vendor's lien notes.

Judgment was prayed against A. J. McColl and the San Juan State Bank & Trust Company, and against said J. L. Chapman, commissioner of banking for the state of Texas, and against W. H. Gossage, the alleged agent for the commissioner of banking for the state of Texas, in their capacity as trustees of the San Juan State Bank & Trust Company, for $9,950, and for a cancellation of the five vendor's lien notes held by the bank.

Appellees filed sufficient and appropriate responsive pleadings, and at the conclusion of the testimony the court instructed a verdict and rendered judgment thereon in favor of San Juan State Bank & Trust Company, J. L. Chapman, and W. H. Gossage, and submitted special issues for the jury to find as to A. J. McColl, which issues were found in favor of appellants. Whereupon judgment was rendered on the jury's finding against A. J. McColl for the sum of $9,950 and interest, and rendered in favor of appellees in accordance with the court's instruction.

[1] The general principle of law, as contended for by appellants in the first two propositions, that, where there is any material evidence in the record to establish a fact, it is the duty of the court to submit that issue to the jury for their finding is correct. That is the part of the trial of cases peculiarly within the power of juries for ascertainment, and appellate courts will neither be permitted nor will they usurp their powers. The ancient and beneficial rules were not interfered with in this controversy.

[2] The land in this case, as an asset of the bank, was sold under the order and decree of the district court of Hidalgo county upon the application of the state banking commissioner, the only way by which such real estate could be sold. The application to make the sale was duly set down for hearing and legal notice given of time and place. The contract for sale between Ed. Hall, commissioner, and B. W. McNear was before the court, and was passed upon by it and sale ordered made. The commissioner filed a report of the sale to B. W. McNear, and, it being approved and confirmed by the court, deed was executed to B. W. McNear in accordance with the orders of the court. There is no proof that there was any fraud in these proceedings, and, as it was in accordance with the law, it is not subject to any collateral attack, for they are official acts and judicial proceedings. The authority for such proceedings are found in articles 456, 458, 460, 461 R. S. Neither the commissioner of banking nor any agent for him may make any valid sale of land in such cases except under the orders of the court upon a hearing, and no declaration that any agent may make would bind the bank commissioner or affect the sale made under the order of the court.

It is not shown, if it be true, that the bank commissioner knew that B. W. McNear and A. J. McColl or any other person intended to perpetrate any fraud, and the commissioner would not be bound by any fraud or conspiracy upon their part.

From the view we take of this case, when we have determined that the court did not err in instructing a verdict in favor of appellees, all other questions are necessarily disposed of.

No other party has filed any complaining brief. We have examined all assignments presented by appellants, and, finding no reversible error assigned, affirm the judgment of the trial court.